■ DONALD R. HEATH et al., Respondents, v. SARATOGA DINER, INC., Appellant.— Appeal from an order of the County Court of Saratoga County at Special Term, entered August 26, 1971, which granted plaintiffs' motion for summary judgment and directed hearings to determine the balance due on the mortgage debt, and denied defendant's motion for summary judgment. On April 28, 1970 plaintiffs became the assignees of a mortgage made and executed by defendant on February 11, 1960 to secure an indebtedness of $200,000. By agreement dated June 10, 1960 the terms of payment of the mortgage were permanently modified. By letter dated January 25, 1965 the terms of payment were again modified to provide for reduced payments for the calendar years 1965, 1966, 1967 and 1968. Defendant regularly made the payments provided for in the letter of January 25, 1965 through the calendar year of 1968. Although no new agreement was entered into, defendant, in the calendar years 1969 and 1970, continued to make the same payments which had been agreed upon for the calendar year 1968. By letter dated May 6, 1970 plaintiffs advised defendant that the mortgage had been assigned to them; that the mortgage was substantially in default; and that the entire balance of approximately $190,000 was demanded. Defendant was further advised that a foreclosure proceeding would be taken forthwith. Plaintiffs commenced this action to foreclose the mortgage on June 17, 1970 alleging that from January 1, 1969 to date, defendant has failed to comply with the conditions of the bond and mortgage by omitting to pay the monthly payments provided therein, and that defendant was in default. Defendant's answer dated July 16, 1970 denies the default and for a separate and distinct defense alleges that it has made timely payments on the mortgage which were accepted by plaintiffs' assignors without objection or protest. On March 8, 1971 defendant moved for summary judgment dismissing the complaint on the ground that the action had no merit. The moving affidavit related the history of the mortgage and modifications thereof and stated that, although the modification agreement of January 25, 1965 had technically expired in December, 1968, at no time had plaintiffs' assignor demanded any additional payments from defendant, and that he had expressly agreed and reaffirmed on numerous occasions that the repayment terms of the 1965 modification should be observed until further notice. The affidavit in opposition to the motion was made by plaintiffs' assignor who stated that on numerous occasions he had attempted to

get defendant to pay the mortgage according to its terms; that through January, February and March, 1970 he attempted to get defendant to buy the mortgage for the price he sold it for, $110,000; that when he sold the mortgage he told plaintiffs that the mortgage was in default. The reply affidavit by defendant's attorney states that he prepared letters for the protection of his client in making mortgage payments in accordance with the assignor's direction, and that the course of dealing between the parties amounts to a waiver of the mortgagee's rights to take advantage of the acceleration clause. On March 30, 1971 plaintiffs made a motion for summary judgment dismissing the answer directing judgment in favor of plaintiffs on the ground that the mortgage was in default. Special Term considered both motions and, as to the defendant's motion, determined that the facts set forth in the moving affidavits have been denied and controverted; that the factual situations relied upon are such that cannot be established by affidavits; and that the issues require proof at trial. Considering plaintiff's motion, the court determined that defendant did not specifically answer and oppose the motion but relied upon its attorney's statement that its prior motion was pending and granted summary judgment to the plaintiffs. There being an issue of fact to be tried, the court properly denied defendant's motion for summary judgment. The order of the County Court, insofar as it granted plaintiffs' motion for summary judgment and appointed a Referee to compute and report, should, therefore, be reversed and, insofar as it denied defendant's motion, it should be affirmed. Order modified, on the law and the facts, by denying plaintiffs' motion for summary judgment, and, as so modified, affirmed, without costs. Herlihy, P. J., Staley, Jr., Greenblott, Cooke and Reynolds, JJ., concur.